UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00014-FDW

| | |
|---|---|
| TIFFANY WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Tiffany Walker's Motion for Attorney's Fees (Doc. No. 21) pursuant to 42 U.S.C. § 406(b).

**I. BACKGROUND**

Plaintiff Tiffany Walker filed a complaint on January 11, 2017 seeking judicial review of a Social Security administrative decision. (Doc. No. 2). On September 22, 2017, this Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded this case to the ALJ for further proceedings. (Doc. No. 16). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), this Court awarded Plaintiff attorney fees in the amount of $5,400.

Plaintiff received a fully favorable decision on August 28, 2018. (Doc. No. 21-2). In this decision, the Social Security Administration found Plaintiff to be disabled from January 2011 and awarded Plaintiff past due benefits from January 2011 through August 2018. See id. at 1–2. The Social Security Administration withheld $17,593.50 from Plaintiff's past due benefits to pay attorney fees. Id. at 2. This number represents 25% of Plaintiff's total past due benefits. Id. Plaintiff

1

filed this Motion for $9,000 in attorney fees under 42 U.S.C. § 406(b). (Doc. No. 21, p. 3). Upon award of this amount, Plaintiff's counsel agreed to reimburse the previously awarded $5,400 EAJA fee to Plaintiff. Id. at 2. Defendant neither supports nor opposes the Motion. (Doc. No. 22).

## II. DISCUSSION

The Social Security Act provides that a "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). As noted by the Fourth Circuit:

> § 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel . . . . As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits . . . § 406(b) simply instructs a court to review the agreement for reasonableness.

Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005). In construing a fee for reasonableness, a court can look towards "the time spent and work performed by counsel, . . . the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." Id. at 428. However, if the Court has already awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), counsel representing the claimant must refund to the claimant the smaller of the fees. See, e.g., Stephens v. Astrue, 565 F.3d 131, 135 (4th Cir. 2009).

Here, Plaintiff and her counsel entered into a contingency fee agreement and Plaintiff agreed to pay 25% of past due benefits to her counsel. (Doc. No. 18-2). The Court finds that the fee requested by Plaintiff's counsel ($9,000) falls significantly below the amount withheld by Social Security representing 25% of past due benefits for attorney fees ($17,593.50). Furthermore,

Plaintiff's counsel managed to secure a remand in this Court that later resulted in a substantial award of benefits to the claimant. For these reasons, the Court finds that the requested fee is reasonable.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees under § 406(b) is GRANTED, and an award of attorney's fees in the amount $9,000 is hereby approved pursuant to 42 U.S.C. § 406(b). IT IS FURTHER ORDERED that upon receipt of the above fee, Plaintiff's counsel will return to the Plaintiff the sum of $5,400, representing the fee that counsel previously received pursuant to the EAJA, 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Signed: September 24, 2018

Frank D. Whitney
Chief United States District Judge